FRED A. RISSER, President Wisconsin State Senate
As chairman of the Senate Committee on Organization, you have requested my opinion on the following question: "Do the electors of a fourth class city lose their right to petition for a referendum when the Common Council borrows money on long terms by means of bank notes rather than raising money through general obligation bonds?"
Generally speaking, a city may avoid the referendum procedures which are normally attendant to the issuance of its general obligation bonds, by utilizing alternative methods to borrow needed municipal funds. One typical alternative is borrowing on promissory notes under sec. 67.12 (12), Stats.
General obligation bonds are issued by cities under the general authority of ch. 67, Stats., which imposes limitations on the powers of *Page 159 
municipalities to issue such obligations, and sets forth the purposes for which and the procedures by which such bonds may be issued. See secs. 67.03, 67.04 (2), 67.05, Stats.
Section 67.03 (1), Stats., states that, except for the few categories of municipal borrowing exempted from ch. 67, Stats., by sec. 67.01 (8), Stats., "municipalities may borrow money and issue municipal obligations therefor only for the purposes and by the procedure specified in this chapter."
Except where the statutes specifically provide otherwise, the question as to whether municipal bonds should be issued is subject either to a mandatory referendum of the electorate or to a petition procedure which may require such submission, depending on the purpose for which the bonds are proposed to be issued. Sec. 67.05 (5)(b), (7)(b), Stats. Nevertheless, the provisions of sec. 67.05, Stats., which authorize or require referendums on the question of the issuance of bonds, are not applicable to the issuance of promissory notes under the provisions of sec. 67.12
(12), Stats. Section 67.05 (14), Stats., specifically provides as follows:
 Referendum not required for certain temporary borrowing. This section shall not be construed to require, or at any time before July 9, 1955, to have required, the submission to the electors for approval of any borrowing under s. 67.12, the provisions of said s. 67.12 being controlling as to such borrowing.
The power to borrow on promissory notes for the general municipal purposes set forth in sec. 67.12 (12)(a), Stats., is clearly in addition to the power to borrow through the issuance of bonds. In fact, although such a note must be payable within ten years, it may be extended or refunded by a refunding note which may also be for a term not exceeding ten years. Furthermore, under sec. 67.125, Stats., a city may borrow an amount not exceeding its uncollected delinquent taxes to pay off promissory notes issued under sec. 67.12 (12), Stats., as well as to pay current and ordinary expenses, by the issuance of bonds or other evidences of indebtedness payable within five years. The question of the issuance of bonds under that statute need not be submitted to the electors for approval. Sec. 67.125 (1), (2), Stats.
Where the statutes have conferred a procedure upon a city, its electors may not demand the submission of a question which would *Page 160 
modify the statutory authority. Heider v. Wauwatosa,37 Wis.2d 466, 477, 155 N.W.2d 17 (1967). But if the electors of the city desire that indebtedness created by past city borrowing through bank notes be refunded through the issuance of general obligation bonds, the electors may adopt an initial resolution for that purpose by the initiative and referendum procedure set forth in sec. 9.20, Stats., and the question of bonding for refunding such indebtedness will be submitted to the electors. Secs. 67.04
(2)(r), 67.05 (2)(b), (5)(b), Stats.
BCL:JCM